IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CR-211-RP |
| | § | |
| JOSE VAZQUEZ-ARANDA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Jose Vazquez-Aranda's ("Defendant") motion to dismiss the indictment with prejudice, (Dkt. 17), and the government's response, (Dkt. 18). Having reviewed the briefing, the record, and the applicable law, the Court will deny Defendant's motion to dismiss.

Defendant was charged with illegal reentry under 8 U.S.C. § 1326 on September 9, 2019. (Dkt. 1). On September 17, 2019, Defendant was indicted. (Dkt. 6). On October 2, 2019, United States Magistrate Judge Andrew W. Austin entered a temporary detention order under 18 U.S.C. § 3142(d) and scheduled a detention hearing for October 8, 2019. (Dkt. 10). At that hearing, Judge Austin committed Defendant to custody. (Dkt. 15). On October 23, 2019, Defendant filed this motion, (Dkt. 17), and the government responded on November 20, 2019, (Dkt. 18).

In his motion to dismiss, Defendant states that immigration authorities gave him a document titled "Notice to Appear" on January 26, 2010. (Dkt. 17, at 1; Notice to Appear, Dkt. 17-1). The document ordered Defendant to appear "on a date to be set" and "at a time to be set." (Dkt. 17-1, at 1). According to Defendant, the immigration judge ordered Defendant removed on February 18, 2010, and he was deported to Mexico. (Dkt. 17-2; Dkt. 17-3). The government, in its response, does not refute the factual allegations in Defendant's motion to dismiss. (*See* Dkt. 18).

Defendant challenges his indictment based on the underlying removal order being invalid because it failed to state the hearing date or time, stripping the immigration judge of jurisdiction to conduct the removal proceeding and invalidating the indictment because the government cannot prove Defendant was removed and because the removal proceeding was "fundamentally unfair." (Dkt. 17, at 2). Specifically, Defendant argues: (1) the immigration court lacked authority to conduct the removal proceeding because the Notice to Appear did not comply with the statutory requirement to specify a hearing time; (2) because the immigration judge lacked authority to remove Defendant, Defendant was never removed and the government cannot prove he was removed; and (3) the indictment must be dismissed under 18 U.S.C. § 1326(d) because Defendant was subjected to a "fundamentally unfair" removal hearing since the hearing effectively eliminated Defendant's right to challenge the hearing through judicial review of the order and the procedural deficiencies caused Defendant actual prejudice. (Dkt. 17).

The Fifth Circuit has held that "'the supervisory authority of the district court includes the power to impose the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant.'" *United States v. Swenson*, 894 F.3d 677, 684–85 (5th Cir. 2018) (quoting *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988)). *See also United States v. Fulmer*, 722 F.2d 1192, 1195 (5th Cir. 1983); *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979).

Defendant concedes that his argument is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019) (per curiam). (Dkt. 17, at 1). In *Pedroza-Rocha*, the Fifth Circuit held, in part, that the government's failure to include the date and time on the defendant's notice to appear for a removal hearing did not deprive the immigration judge of subject matter jurisdiction over the defendant's removal proceeding and the defendant's collateral attack on the indictment was barred. 933 F.3d at 496–98 (citing *Pereira v. Sessions*, 138 S. Ct. 2105, (2018)). The government agrees that his

argument is foreclosed by *Pedroza-Rocha* and contends it is "meritless." (Dkt. 18). Defendant explains that he raises his argument to preserve it for further review. (Dkt. 17, at 1). As stated by the parties, Defendant's argument is foreclosed by controlling Fifth Circuit precedent. *See Pedroza-Rocha*, 933 F.3d at 496–98. Accordingly, the Court will deny Defendant's motion to dismiss.

For these reasons, Defendant's Motion to Dismiss Indictment, (Dkt. 17), is **DENIED**.

**SIGNED** on November 26, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE